WILLIAM GRIFFITHS, SR., TRANSFEREE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Griffiths v. Commissioner
Docket No. 8140-92
United States Tax Court
T.C. Memo 1994-637; 1994 Tax Ct. Memo LEXIS 654; 68 T.C.M. (CCH) 1528; December 27, 1994, Filed *654 Decision will be entered for respondent. William Griffiths, Sr., pro se. For respondent: Michael W. Bitner. SWIFT
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a notice of transferee liability, respondent determined that petitioner is liable as a transferee for an income tax deficiency and additions to tax owed by Heartland Erectors, Inc. (Heartland), for the taxable year ending September 30, 1988, as follows: Additions to Tax
Sec.
Sec.
Sec.
Deficiency
6653(a)(1)
6653(a)(2)
6661
$ 11,159
$ 558  * $ 2,790 * 50 percent of the interest due on the amount
of the deficiency attributable to negligence.
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time he filed his petition, petitioner resided in Willisville, Illinois. From 1985 through 1988, petitioner was employed as an iron worker for Heartland, a small closely held Illinois corporation engaged in different aspects of the construction business. *655 Petitioner's wife, Debbie Griffiths, owned 100 percent of the stock of Heartland, and she maintained Heartland's books and records. Petitioner was neither a stockholder, officer, nor director of Heartland. In 1987, three checks totaling $ 52,300 were written on Heartland's checking account and were made payable to petitioner and to petitioner's father. Information appearing on the three checks is provided below: Made
Stated Date
Amount
Payable To
Signed By Purpose
Oct. 1987 $ 20,000
Petitioner's
Petitioner's
None
father
wife
Dec. 1987
15,000
Petitioner
Petitioner's
Services
wife
rendered
Dec. 1987
17,300
Petitioner's
Petitioner's
Services
father
wife
rendered
Total $ 52,300
Petitioner has stipulated that the above three checks did not represent payment for services rendered by petitioner or by petitioner's father, but the record is unclear as to the actual purpose for the checks. Petitioner and respondent have stipulated that the endorsement signatures on the back of each check issued to petitioner and to petitioner's father were forged, but the record does not indicate who forged the endorsement signatures. In *656 the summer of 1989, petitioner received a number of checks totaling $ 59,852 that were written on the checking accounts of petitioner's son, petitioner's parents, and RCS Construction, Inc. (RCS). [1] The checks were made payable to petitioner. Petitioner cashed these checks and transferred the $ 59,852 to Heartland. On June 15, 1989, Heartland's corporate Federal income tax return for its taxable year ending September 30, 1988, was filed. On the return, contract labor expenses of $ 73,752 were claimed, and taxable income of $ 26,981 was reported. Included in the $ 73,752 claimed on the return as contract labor expenses was the $ 52,300 total of the three checks that were written on Heartland's checking account and that were made payable to petitioner and to petitioner's father. On November 22, 1989, petitioner closed Heartland's checking account and withdrew the $ 24,788 balance. Petitioner transferred the $ 24,788 into *657 his personal checking account. After petitioner transferred the $ 24,788 from Heartland's account, Heartland did not have sufficient assets to pay its income tax deficiency for 1988 that was later determined by respondent. In November of 1989, when petitioner closed Heartland's checking account and transferred the $ 24,788 into his personal checking account, petitioner was aware that the expenses for contract labor that were claimed on Heartland's corporate Federal income tax return for its taxable year ending September 30, 1988, had been overstated by $ 52,300 and that Heartland owed the Federal Government additional income taxes. In 1991, petitioner notified respondent that Heartland had overstated its expenses for contract labor on its corporate Federal income tax return for 1988, and respondent determined that Heartland, for 1988, had an income tax deficiency of $ 11,159 and additions to tax that were related to the overstated contract labor expenses. Respondent subsequently issued to petitioner a notice of transferee liability with regard to the 1988 income tax deficiency and additions to tax of Heartland. The notice of transferee liability stated that because petitioner *658 had received in 1989 the $ 24,788 transferred from Heartland's checking account, and because that transfer caused Heartland to become insolvent, petitioner was liable as a transferee for Heartland's Federal income tax deficiency for 1988 of $ 11,159 and additions to tax. OPINION Section 6901 is a procedural device by which respondent asserts the tax liability of a transferor of assets against the transferee of the assets if the law of the State where the transfer occurred provides a basis in law or in equity for transferee liability. ; , affd. without published opinion . Respondent bears the burden of proof to establish petitioner's liability as a transferee of property. Sec. 6902(a); Rule 142(d). To determine whether petitioner is liable as a transferee of Heartland's assets, we must look to Illinois law regarding fraudulent transfers. ; see also . *659 The Illinois statutory provision governing fraudulent transfers provides: Every gift, grant, conveyance, assignment or transfer of, or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, or judgment entered, with like intent, shall be void as against such creditors, purchasers and other persons. [Ill. Ann. Stat. ch. 59, par. 4 (Smith-Hurd 1989).]
Under Illinois law and based on the circumstances surrounding a transfer, a transfer may be presumed fraudulent, and actual intent need not be established. , affd. without published opinion . Generally, to establish that a transfer was fraudulent under Illinois law, respondent must prove that at the time of the transfer: (1) There was existing or contemplated indebtedness of the transferor; (2) the transferor did not retain sufficient assets to pay the indebtedness; and (3) there *660 was a transfer for inadequate consideration. ; ;. Petitioner concedes that Heartland has an income tax deficiency of $ 11,159 for its taxable year ending September 30, 1988. Petitioner argues, however, that in November of 1989, when petitioner withdrew the $ 24,788 from Heartland's checking account and transferred it to his personal checking account, Heartland was not rendered insolvent by the transfer. Petitioner also argues that the purpose of the withdrawal and the transfer of funds to his personal account was to repay loans Heartland had received from him. Petitioner, therefore, argues that he should not be held liable as a transferee with respect to Heartland's tax deficiency. Respondent argues that Heartland was rendered insolvent as a result of petitioner's transfer of the $ 24,788 to his personal account and that the $ 24,788 did not represent repayment of loans Heartland had received from petitioner. In Illinois, "for fraudulent conveyance *661 purposes, tax liabilities are due and owing on the date the returns are required to be filed". . In the present case, Heartland's Federal income tax deficiency for 1988 arose no later than June 15, 1989, the date on which the return was filed and several months prior to November 22, 1989, when petitioner withdrew the $ 24,788 balance from Heartland's checking account. Petitioner, thus, withdrew the $ 24,788 after the income tax deficiency had arisen. With regard to whether Heartland was rendered insolvent by the withdrawal and transfer of the $ 24,788 to petitioner's personal checking account, petitioner stipulated and admitted at trial that when he withdrew the $ 24,788 from Heartland's checking account there were no remaining funds in that account. Petitioner alleges, however, that at the time he closed Heartland's account, Heartland owned other assets sufficient to pay its Federal income tax deficiency. The only documentary evidence offered by petitioner to establish Heartland's other assets was Heartland's corporate Federal income tax return for its taxable year ending September 30, 1988. Heartland's *662 tax return, however, in this case provides inadequate evidence to establish that Heartland, in November of 1989, had sufficient assets to pay its income tax deficiency. P-H Memo. T.C. par. 81,637 at 81-2485, revd. on other grounds . Moreover, petitioner's testimony regarding Heartland's assets was vague, self-serving, and not credible. We conclude that on November 22, 1989, when petitioner withdrew the $ 24,788 from Heartland's checking account and transferred the $ 24,788 to his personal account, Heartland lacked sufficient assets to pay its income tax deficiency and was rendered insolvent by the withdrawal and transfer of the funds. Further, the evidence concerning the funds transferred to Heartland fails to establish that petitioner made loans to Heartland totaling $ 59,852. While the evidence does establish that in the summer of 1989 petitioner received $ 59,852 and transferred the $ 59,852 to Heartland, the purpose and character of this transfer are not established by the evidence. Petitioner *663 failed to provide documentary evidence, records, promissory notes, or canceled checks that establish that the transfer of the $ 59,852 to Heartland represented loans to Heartland. At trial, petitioner testified vaguely and inconsistently concerning the alleged loans. The evidence in this case, however, does establish that petitioner withdrew $ 24,788 from Heartland's checking account, that he transferred the $ 24,788 into his personal checking account, and that Heartland was thereby rendered insolvent. We conclude that respondent has made a prima facie case of transferee liability under Illinois law, that petitioner has not rebutted respondent's case, and that petitioner is liable as a transferee with respect to Heartland's income tax deficiency of $ 11,159. Petitioner has not challenged respondent's determination regarding the additions to tax. We conclude that petitioner also is liable as a transferee for the additions to tax. . Decision will be entered for respondent. Footnotes
1. Petitioner's relationship with RCS Construction, Inc., is not made clear in the record.↩